1999 ND 188

**Kathlyn A. QUARNE, Plaintiff and Appellee,**

v.

**Tracey J. QUARNE, Defendant and Appellant.**

**No. 990045.**

Supreme Court of North Dakota.

Oct. 20, 1999.

Gary H. Lee, Olson Burns Lee, Minot, ND, for plaintiff and appellee.

Faron E. Terry, Terry Law Office, Minot, ND, for defendant and appellant.

MARING, Justice.

[¶ 1] Tracey J. Quarne appealed from an order denying his motion for change of custody. We hold the trial court erred in deciding the motion without providing an evidentiary hearing and without allowing the parties an opportunity to cross-examine the court-appointed investigator. We reverse and remand for a hearing on the merits.

[¶ 2] Kathlyn and Tracey Quarne were divorced January 15, 1996. The divorce decree placed custody of the parties' only child, Alexandra, with Kathlyn and awarded reasonable visitation to Tracey. An amended judgment was entered on December 9, 1996, making some minor visitation modifications.

[¶ 3] On August 18, 1998, Tracey filed a motion for change of custody, alleging Kathlyn had physically abused Alexandra. He submitted affidavits in support of his motion from medical personnel in Califor-

nia, Tracey's current state of residence, explaining Alexandra told them her mother had "kicked me in the tummy" and had slapped her "off the bed," and had committed other abusive physical acts. Tracey also filed a request for an ex parte order temporarily transferring Alexandra's custody from Kathlyn to himself. The trial court signed an ex parte interim order, and the next day held an emergency hearing, at which both parties were represented by counsel. At the close of the emergency proceedings, the court ruled the interim order would be held in abeyance, but appointed Dr. Mark Bell to conduct a custody evaluation.

[¶ 4] Dr. Bell and Tammy Ness, a licensed social worker, submitted reports to the court. Based upon these submissions, the trial court entered written findings, concluding "[t]here is nothing before the Court which would indicate that a change of custody is necessary in this case." The court entered an order dismissing the motion for change of custody, and Tracey appealed.

[¶ 5] Tracey argues the trial court erred in deciding the motion without allowing him an opportunity to review the materials relied upon by Dr. Bell or to cross-examine Dr. Bell at an evidentiary hearing. Kathlyn's counsel concedes this issue and agrees Tracey should have been given an opportunity to cross-examine Dr. Bell prior to the court entering a decision on the motion.

[¶ 6] Under N.D.C.C. § 14–09–06.3, the court in "contested custody proceedings" can order an investigation and report concerning custodial arrangements for the child. The statute requires the investigator to make available to the parties "the complete file of data and reports underlying the investigator's report" and specifically states "[a] party may call the investigator and any person whom the investigator has consulted for cross-examination at the hearing. A party may not waive the party's right of cross-examina-

tion before the hearing." One of the fundamental precepts of our judicial system is that the finder of fact must rely only on evidence presented in court. *Green v. Green*, 1999 ND 86, ¶ 10, 593 N.W.2d 398. A trial court commits reversible error when it relies on facts in an investigator's report for purposes of making a custody decision without allowing the parties an opportunity to call and cross-examine the investigator or persons contacted by him. *Id.* We hold the trial court committed reversible error when it relied upon Dr. Bell's report without affording Tracey an opportunity to review the material underlying Dr. Bell's opinion or to cross-examine Dr. Bell.

[¶ 7] On appeal Tracey also argues the trial court erred in failing to provide him a full evidentiary hearing on the change-of-custody issue. Kathlyn's counsel argues Tracey is only entitled to a limited hearing to cross-examine Dr. Bell and for the trial court to determine whether Tracey has presented a prima facie case for a change of custody.

[¶ 8] N.D.C.C. § 14–09–06.6, provides in relevant part:

4. A party seeking modification of a custody order shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. *The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. If a prima facie case is established, the court shall set a date for an evidentiary hearing.*

5. The court may not modify a prior custody order within the two-year period following the date of entry of an order establishing custody unless the court finds the modification is

necessary to serve the best interest of the child and:

   a.  The persistent and willful denial or interference with visitation;

   b.  The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development; or

   c.  The primary physical care of the child has changed to the other parent for longer than six months.

6.  The court may modify a prior custody order after the two-year period following the date of entry of an order establishing custody if the court finds:

   a.  On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

   b.  The modification is necessary to serve the best interest of the child.

(Emphasis added.) Kathlyn's counsel asserts Tracey is entitled to a full hearing on the merits only if he presents a prima facie case proving the elements under N.D.C.C. § 14–09–06.6(5), because his motion was brought within two years after the December 1996 amended judgment was entered. We disagree.

■ [¶ 9] N.D.C.C. § 14–09–06.6 was enacted in 1997. 1997 N.D. Sess. Laws ch. 149, § 1. The purpose of the legislation was to curtail repeat custody litigation. It is the product of the 1995 Joint Family Law Task Force formed by order of this Court at the request of the State Bar Association. Testifying on the legislation before the Senate Judiciary Committee, Chair Sherry Mills Moore explained the object of the proposed legislation:

With SB 2167 we are trying to put more stability in the lives of children who are the object of a custody dispute by slowing the revolving door to the court-house. . . .

  . . . . The decision about custody, and the process attendant to making that decision are of their very nature painful, disruptive, and destabilizing. . . .

  . . . .

Under SB 2167, for a period of two years following a custody determination there is something of a moratorium for the family. The custody-changing process cannot be initiated except in some specific and necessary situations.

Hearing on SB 2167 before the Senate Judiciary Committee, 55th N.D. Leg. Sess. (Jan. 21, 1997).

[¶ 10] Custody was established in this case on January 15, 1996, in the original divorce decree, which placed Alexandra in Kathlyn's care and control. The amended judgment made minor adjustments to the original decree's visitation provisions but did not involve any issue of or change in the designation of Alexandra's custodial parent. The minor visitation changes do not entail the "painful, disruptive, and destabilizing" custody battles the law sought to curtail. We conclude an order or judgment dealing only with such peripheral issues as visitation does not restart the two-year period for applying the less stringent elements for obtaining a change of custody under N.D.C.C. § 14–09–06.6(6). Tracey's motion for change of custody was filed on August 18, 1998, more than two years following the decree establishing custody. We conclude, therefore, the court could modify the original custody order under N.D.C.C. § 14–09–06.6(6), upon finding "a material change has occurred in the circumstances of the child or the parties" and the "modification is necessary to serve the best interest" of Alexandra.

[¶ 11] Under N.D.C.C. § 14–09–06.6(4), the trial court must set a date for an evidentiary hearing on the change-of-custody motion "[i]f a prima facie case is established." In *Helbling v. Helbling*, 541 N.W.2d 443, 445 (N.D.1995), we explained

what a party must do to present a prima facie case: "[i]f the party bearing the burden of proof presents evidence strong enough, if uncontradicted, to support a finding in her favor, that party has made a prima facie case." Upon conclusion of the emergency proceedings, the court appointed an investigator to evaluate and report on the custody situation. The court, by that act, implicitly found Tracey had presented a prima facie case to go forward with the proceedings.

[¶ 12] Evidence of physical child abuse constituting an environment which endangers the child's physical or mental health is, as a matter of law, a material change of circumstances warranting a change of custody under both N.D.C.C. § 14-09-06.6(5) and (6). *See Hill v. Weber*, 1999 ND 74, ¶ 11, 592 N.W.2d 585. Tracey filed with his motion supporting affidavits showing Kathlyn had committed physical abuse endangering Alexandra's health and well-being. Under these circumstances, we conclude, as a matter of law, Tracey presented a prima facie case entitling him to an evidentiary hearing, under N.D.C.C. § 14-09-06.6(4), on the change-of-custody issue. We, therefore, conclude the trial court's failure to provide an evidentiary hearing constitutes a violation of N.D.C.C. § 14-09-06.6(4) and is reversible error.

[¶ 13] We reverse and remand for an evidentiary hearing on the motion for change of custody.

[¶ 14] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, CAROL RONNING KAPSNER, JJ., concur.