2002 ND 51

**Shari F. WAGAMAN, f/k/a Shari F. Burke, Plaintiff and Appellee,**

v.

**Craig T. BURKE, Defendant and Appellant.**

No. 20010260.

Supreme Court of North Dakota.

March 15, 2002.

Todd D. Kranda, Kelsch, Kelsch, Ruff & Kranda, Mandan, N.D., for defendant and appellant.

Donavin L. Grenz, Linton, N.D., for plaintiff and appellee.

MARING, Justice.

[¶ 1] Craig Burke appeals from an order denying his motion to change custody and an order denying his motion for reconsideration. We affirm.

I

[¶ 2] On October 15, 1990, a Judgment was entered which granted Shari Wagaman, formerly known as Shari Burke, a divorce from Craig Burke. Under the terms of the Judgment, the primary residence of the parties' two minor children, Tera Lynn and Cody Craig, was with Wagaman. The Judgment also awarded Burke visitation rights with the children. On June 30, 1993, an Amended Judgment was entered after Wagaman moved to Rochester, Minnesota. Under the terms of the Amended Judgment, the primary residence of the children during the school-year would be with Wagaman and Burke would have visitation rights. During the summer months, Burke would have custody of the children and Wagaman would have visitation rights. A Second Amended Judgment was entered on August 22, 1995, after Wagaman moved to Lawrence, Kansas. A Third Amended Judgment was entered on January 20,

1999, which adjusted Burke's child support obligation.

[¶ 3] On August 23, 1999, Burke filed a motion to hold Wagaman in contempt of court. In support of the motion, Burke alleged Wagaman failed to pay her share of the children's medical expenses. Burke also alleged Wagaman failed to pay her share of transportation costs related to visitation with the children. In response to Burke's motion, Wagaman filed a motion to clarify the divorce judgment and requested permission to relocate with the children to Olympia, Washington. A hearing was held on the motions on December 17, 1999. At the hearing, the parties entered into stipulations regarding the children's medical expenses, insurance expenses, and transportation expenses. Additionally, the parties stipulated that Wagaman would be allowed to relocate with the children to Olympia, Washington. At a hearing on May 9, 2000, the parties entered into additional stipulations concerning Burke's child support obligations and visitation rights in light of Wagaman's move to Washington. A Fourth Amended Judgment reflecting these stipulations was enter on November 20, 2000.

[¶ 4] On August 14, 2001, Burke filed a motion to change the custody of Cody Craig and requested an evidentiary hearing on the motion. The trial court denied the motion in an order dated September 20, 2001. The trial court reasoned that, because Burke brought the motion within two years of the date of entry of the Fourth Amended Judgment, section 14–09–06.6(5), N.D.C.C., applied and prohibited the court from modifying the custody of the parties' children. Burke filed a motion for reconsideration which was denied by the trial court through an Order dated October 3, 2001, and Burke appealed.

## II

[¶ 5] On appeal, Burke argues the trial court erred in concluding N.D.C.C. § 14–09–06.6(5) prohibited it from modifying custody because the Fourth Amended Judgment merely addressed visitation disputes between the parties and was, therefore, not an "order establishing custody" within the meaning of N.D.C.C. § 14–09–06.6(5). Section 14–09–06.6(5), N.D.C.C., provides:

> The court may not modify a prior custody order within the two-year period following the date of entry of an order establishing custody unless the court finds the modification is necessary to serve the best interest of the child and:
>
> a. The persistent and willful denial or interference with visitation;
>
> b. The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development; or
>
> c. The primary physical care of the child has changed to the other parent for longer than six months.

Section 14–09–06.6, N.D.C.C., was enacted to provide " 'something of a moratorium for the family' " during the two-year period following a custody determination. *See State ex rel. D.D. v. G.K.*, 2000 ND 101, ¶ 5, 611 N.W.2d 179 (quoting *Hearing on S.B. 2167 Before the Judiciary Committee*, 55th N.D. Legis. Sess. (January 21, 1997) (testimony of Sherry Mills Moore, Chair of the Family Law Task Force)). The purpose of this moratorium is to spare children the "painful, disruptive, and destabilizing" effects of repeat custody litigation. *See Quarne v. Quarne*, 1999 ND 188, ¶ 9, 601 N.W.2d 256.

[¶ 6] The determination of whether the Fourth Amended Judgment in this case is an "order establishing custody" under N.D.C.C. § 14–09–06.6(5) necessarily involves a comparison of the custody ar-

rangement in place prior to the entry of the Fourth Amended Judgment with the custody arrangement set forth by the Fourth Amended Judgment. *See Quarne,* 1999 ND 188, ¶ 10, 601 N.W.2d 256 (comparing the custody provisions of the original custody decree with the custody provisions of the amended divorce decree to determine if the two-year moratorium of N.D.C.C. § 14–09–06.6(5) applied to a motion to modify custody). Prior to the entry of the Fourth Amended Judgment, the custody arrangement in this case was governed by the Third Amended Judgment which incorporated the terms of the Second Amended Judgment. The Second Amended Judgment provided:

> The parties shall have joint legal custody of the parties' minor children, Tera Lynn and Cody Craig. It is anticipated that the children will make their primary residence during the school months with the plaintiff in Kansas and that the defendant shall have visitation with the children at such times and places as may mutually be agreed upon by the parties.

(Second Amended Judgment dated August 22, 1995 at ¶ VII B.)

[¶ 7] The Judgment then listed the minimum visitation to which Burke was entitled during the school year. The paragraph after the school-year visitation schedule provided:

> During the summer months, which shall be defined as four days after the end of the school term through seven days prior to the commencement of the next school term, defendant shall have custody and plaintiff shall have visitation with the children. Plaintiff shall have visitation with the children at such times and places as may mutually be agreed upon by the parties but such visits shall not conflict with the North Dakota State Fair.

(Second Amended Judgment dated August 22, 1995 at VII B.)

[¶ 8] In regard to joint legal custody, the Second Amended Judgment provided:

> It is acknowledged that each party has legal custody of the minor children, Tera Lynn and Cody Craig. Each party is entitled to complete access to all educational, legal and medical records of any kind pertaining to the minor children without the necessity of consent by the other party.

(Second Amended Judgment dated August 22, 1995 at VII B.)

[¶ 9] None of the provisions of the Second Amended Judgment regarding custody and visitation were modified by the Third Amended Judgment. Therefore, prior to entry of the Fourth Amended Judgment, the parties had joint physical custody of the children, with Wagaman having custody during the school year and Burke having custody during the summer months.

[¶ 10] The pleadings leading up to the entry of the Fourth Amended Judgment reveal the parties' disagreement about this custody arrangement. In her "Plaintiff's Brief in Support of Return and Counter Motion to Amend and Clarify Judgment" dated September 10, 1999, Wagaman asked the court to "clarify that the Plaintiff is awarded the primary physical care and custody and control of the parties' two minor children, and that the Court must specify and define what it means by 'joint legal custody' and the authority, duty and obligations of each parent thereunder." In Burke's "Return to Motion to Amend and Clarify Judgment" dated October 25, 1999, he argues:

> Ms. Wagaman also seeks to "clarify" the type of custody awarded to each party, including their duties and obligations, authority and responsibility

they have under the present custodial language. The judgment is very clear with respect to the award of joint legal custody. As stated in the judgment, it is anticipated that the children will make their primary residence during the school months with the plaintiff in Rochester, Minnesota, and that defendant shall have visitation with the children at such times and places as is mutually agreed upon by the parties. A visitation schedule is outlined in the judgment. Then, during the summer months, which are defined as four days after the end of school term through seven days prior to commencement of the next school term, defendant shall have custody and plaintiff shall have visitation with the children. This language anticipates a true shared custody situation, and may be more accurately defined as joint legal and physical custody. However, it was the intention of the parties when the stipulation underlying the amended judgment was entered into to provide custody of the children during the school year to Shari and custody during the summer months to Craig. Under the stipulation, Shari is the custodial parent for nine months during the year and Craig is the custodial parent for three months out of the year. Nothing further needs to be clarified.

Shari suggests that the visitation rights and transportation obligation of the defendant need to be amended. The "visitation rights" for the defendant are spelled out in those paragraphs relating to the period of time when Shari Wagaman has visitation. She is however seeking to amend Craig's right of custody to the children during the summer months. *This would require a showing of a significant change of circumstances which would compel the court to award custody during the entire year to Shari. She has clearly failed to meet her bur-*

*den in this matter and her request must be denied.*

(Return to Motion to Amend and Clarify Judgment dated October 25, 1999 (emphasis added).)

[¶ 11] The parties resolved their dispute over the custody arrangement through a stipulation incorporated into the Fourth Amended Judgment. Paragraph 9 of the Fourth Amended Judgment provides:

> 9. Visitation. The parties shall have joint custody of the parties' minor children, Tera Lynn and Cody Craig, as set forth in Paragraph VII of the January 20, 1999 Second Amended Judgment but the visitation granted to defendant shall be amended to provide visitation as follows:
>
> . . . .
>
> *Summer visitation.* Plaintiff shall have the parties' children for five full days after school recesses for the summer and for a full two weeks, or fourteen days, before school is to reconvene. Between these time frames, the defendant shall have the parties' children for summer visitation.

(Fourth Amended Judgment dated November 20, 2000.) As is apparent from the pleadings, this portion of the Fourth Amended Judgment not only modified the parties' visitation schedule, but also, their custody arrangement. Therefore, the Fourth Amended Judgment was an order establishing custody under N.D.C.C. § 14–09–06.6(5). *Cf. Quarne,* 1999 ND 188, ¶ 10, 601 N.W.2d 256 (concluding that N.D.C.C. § 14–09–06.6(5) did not apply where "[t]he amended judgment made minor adjustments to the original decree's visitation provisions but did not involve any issue of or change in the designation of Alexandra's custodial parent."). Because Burke did not allege any of the

grounds listed under N.D.C.C. § 14–09–06.6(5) as a basis for modification, the trial court did not err in concluding Burke's motion was barred by the two-year moratorium of N.D.C.C. § 14–09–06.6(5). *See* N.D.C.C. § 14–09–06.6(5) (listing willful interference with visitation, danger to the child's health, and a change in primary physical care of the child to the other parent for longer than six months as grounds for modifying custody within the two-year period of an order establishing custody).

### III

[¶ 12]   We, therefore, affirm the orders of the trial court.

[¶ 13]   MARY MUEHLEN MARING, WILLIAM A. NEUMANN, DALE V. SANDSTROM, JJ., DONOVAN J. FOUGHTY, D.J., and GERALD W. VANDE WALLE, C.J., concur.

[¶ 14]   The Honorable DONOVAN JOHN FOUGHTY, D.J., sitting in place of KAPSNER, J., disqualified.