2003 ND 5

**Clara Ann M. ENGH, Plaintiff and Appellee,**

v.

**Timothy D. ENGH, Defendant and Appellant.**

**No. 20020044.**

Supreme Court of North Dakota.

Jan. 17, 2003.

Rehearing Denied Feb. 19, 2003.

Faron E. Terry, Terry Law Office, Minot, ND, for plaintiff and appellee.

Steven James Simonson, Grand Forks, ND, for defendant and appellant.

MARING, Justice.

[¶ 1]   Timothy D. Engh has appealed an amended judgment granting Clara Ann M.

**1.**   Timothy is represented on appeal by another attorney.

**2.**   The trial court's use of letter memoranda to decide motions and to grant and notice hearings is not preferable to drafting a properly captioned document and should be avoided.

Engh's motion for a change in custody of the parties' children.   We reverse.

[¶ 2]   The parties divorced September 1, 1998, and Clara was awarded custody of the parties' four children.   An amended judgment entered March 1, 1999, awarded Timothy custody of the parties' children. On June 15, 2000, Clara moved for a change in custody, alleging willful and persistent denial or interference with visitation and danger to the children's health. By letter of June 28, 2000, the court advised the parties "there are issues raised by [Clara] that require testimony and evidence."   A hearing was held and by letter of June 25, 2001, the district court advised the parties that Clara's "motion for change of custody is denied" and advised that Timothy's attorney,[1] "should prepare the appropriate documentation consistent with the dictates of this memorandum dismissing the motion for change of custody."[2]

[¶ 3]   On August 23, 2001, Clara moved "for a 1 hour hearing for the opp[o]rtunity to present new evidence," which was accompanied by her affidavit averring, among other things, that the man with whom she had been living "is no longer living in my home" and his "being in my home was the main reason that custody was left with Tim Engh."[3]   By letter of August 29, 2001, the court advised the parties it ordinarily would deny Clara's request, "but the case is still open and the final order denying her previous motion has not been entered," and a hearing would be held on October 17, 2001.   After the hearing, the court concluded "it is in the best interest of the children that they

be returned to the Plaintiff, their mother." On December 24, 2001, the judgment was amended to grant Clara's motion for a change of custody, with the condition that Clara's "former gentleman friend may at no time again reside with her and if he does, the Court will immediately remove the children."

[¶ 4] Timothy appealed, contending the court improperly conducted an evidentiary hearing in October 2001 and erred in changing custody of the parties' children.

[¶ 5] Under N.D.C.C. § 14–09–06.6(1), without a written agreement, a party generally may not move to modify a custody order within two years of an order establishing custody. This two-year limitation does not apply if the court finds:

    a.  The persistent and willful denial or interference with visitation;

    b.  The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development; or

    c.  The primary physical care of the child has changed to the other parent for longer than six months.

N.D.C.C. § 14–09–06.6(3). The court shall "consider the motion on briefs and without oral argument or evidentiary hearing" and deny a motion to change custody within the two-year period "unless the court finds the moving party has established a prima facie case justifying a modification." N.D.C.C. § 14–09–06.6(4). Section 14–09–06.6, N.D.C.C., further provides in part:

    5.  The court may not modify a prior custody order within the two-year period following the date of entry of an order establishing custody unless the court finds the modification is necessary to serve the best interest of the child and:

        a.  The persistent and willful denial or interference with visitation;

        b.  The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development; or

        c.  The primary physical care of the child has changed to the other parent for longer than six months.

. . . .

    8.  Upon a motion to modify custody under this section, the burden of proof is on the moving party.

[¶ 6] Timothy first argues the court improperly conducted an evidentiary hearing on October 17, 2001.

[¶ 7] Section 14–09–06.6, N.D.C.C., was enacted to provide something of a moratorium during the two-year period following a custody determination, to spare children the painful, disruptive, and destabilizing effects of repeated custody litigation. *Wagaman v. Burke*, 2002 ND 51, ¶ 5, 642 N.W.2d 178. Under N.D.C.C. § 14–09–06.6(4), a party moving for a change in custody within two years after entry of an order establishing custody may get an evidentiary hearing only if the trial court first determines the moving party has established a prima facie case justifying a modification by showing willful interference with visitation, danger to the child's health, or a change in primary physical care of the child to the other parent for longer than six months. Clara's original affidavit specifically alleged willful denial and interference with visitation, domestic violence and endangerment to the emotional and physical health of the children. We hold the trial court did not err in concluding a prima facie case had been established warranting an evidentiary hearing. When Clara requested an additional evidentiary hearing, the trial court's decision on the motion was not yet final. We hold the trial court did not err in

holding an additional hearing under these circumstances.

[¶ 8] The trial court, however, in its decision to grant Clara's motion to change custody made no findings that Timothy had willfully and persistently denied Clara visitation or that Timothy had endangered the children's physical or emotional health or impaired their emotional development. Under N.D.C.C. § 14–09–06.6(5) a court may not modify a prior custody order within two years of the date of such order unless the court makes a finding of either persistent and willful denial or interference with visitation or that the child's environment may endanger the health of the child or impair the child's emotional development.

[¶ 9] The amended judgment granting Clara's motion for change in custody is reversed.

[¶ 10] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.