2003 ND 166

**Millard Shawn DAMRON, Plaintiff and Appellee,**

v.

**Valerie DAMRON, Defendant and Appellant.**

No. 20030135.

Supreme Court of North Dakota.

Nov. 13, 2003.

Tom P. Slorby, Minot, N.D., for plaintiff and appellee.

Tamara Lange (argued), James D. Esseks (on brief), American Civil Liberties Union Foundation, New York, N.Y., and Denise C. Hays (appeared), Pringle & Herigstad, P.C., Minot, N.D., for defendant and appellant.

NEUMANN, Justice.

[¶ 1]  Valerie Damron appealed from an amended judgment granting Millard Shawn Damron's motion for a change in custody of the parties' two minor children.

We hold Shawn Damron failed to meet his burden of proof under N.D.C.C. § 14–09–06.6(5)(b) for a change of custody within two years of a prior order establishing custody, and we reverse.

I

[¶ 2] After a ten-year marriage, Valerie and Shawn Damron were divorced in September 2001 under a stipulated divorce decree. They agreed to joint custody of their two minor children, with Valerie Damron receiving primary physical custody of the children subject to reasonable and liberal visitation by Shawn Damron. In September 2002, Shawn Damron moved for a change of custody under N.D.C.C. § 14–09–06.6(5)(b). Relying primarily on *Jacobson v. Jacobson*, 314 N.W.2d 78 (N.D.1981), Shawn Damron alleged he was entitled to a change of custody because Valerie Damron had begun living with another woman in a homosexual relationship after the divorce. Valerie Damron conceded she was involved in a homosexual relationship, and she lived with her partner in a house with the two children. However, she resisted the motion for a change of custody, asserting she was providing "a safe, loving, happy and nurturing environment" for the children and "taking the children out of a current happy, loving, family environment would not be in the best interests of either child." The trial court concluded the parties' affidavits were sufficient to establish a prima facie case justifying modification and scheduled an evidentiary hearing. *See* N.D.C.C. § 14–09–06.6(4).

[¶ 3] After an evidentiary hearing, the trial court granted Shawn Damron's motion for a change of custody, finding:

[Valerie Damron] is engaged in an open homosexual relationship in the home in which she resides with the children. This open homosexual relation-ship may endanger the children's emotional health and impair the children's emotional development. We will not know the answer to either of these questions until the children are older at which time it will be too late. The homosexual relationship of [Valerie Damron] is a relationship which under the existing state of the law can never be a legal relationship. Although there is no question that Valerie is a fit parent, because of the mores of today's society, because Valerie is engaged in a homosexual relationship in the home in which she resides with the children, and because of the lack of legal recognition of the status of a homosexual relationship, the best interest of the children would be better served by placing custody of the children with [Shawn Damron]. (Quoting and applying *Jacobson v. Jacobson*, 314 N.W.2d 78, 79 (N.D.1981)).

It is not the function of the court to use these children as the tool of enlightenment to convince society of the error of its beliefs. Rather, the function of the court in matters of child custody is to look solely to the best interest of the particular children in the case before the Court. (Quoting and applying *Johnson v. Schlotman*, 502 N.W.2d 831 (N.D. 1993)). This Court cannot modify a prior custody order within two years following the date of entry of an order unless there is a finding that modification is necessary to serve the best interests of the children and primarily that the children's present environment may endanger the children's physical or emotional health, or impair the children's emotional development. The modification of the judgment by transferring primary physical care, custody and control from Valerie to [Shawn Damron] is necessary to serve the best interests of the children in that the children's present environment may endanger the chil-

dren's emotional health or impair the children's emotional development.

## II

[¶ 4] On appeal, Valerie Damron argues the trial court's modification of custody was not supported by the evidence and was induced by an erroneous view of the law. She also argues modification of custody based on her sexual orientation violates the federal and state constitutions.

[¶ 5] A trial court's decision to modify custody is a finding of fact subject to the clearly erroneous standard of review. *In re K.M.G.*, 2000 ND 50, ¶ 4, 607 N.W.2d 248. A finding of fact is clearly erroneous if there is no evidence to support it, if the reviewing court is left with a definite and firm conviction a mistake has been made, or if the finding is induced by an erroneous view of the law. *Id.*

[¶ 6] We have recognized a doctrinal aversion to changing the custody of a happy child who has been living with one parent, and the burden on a noncustodial parent seeking a change of custody is " 'daunting' " and " 'arduous.' " *Lovin v. Lovin*, 1997 ND 55, ¶¶ 16, 18, 561 N.W.2d 612 (quoting *Alvarez v. Carlson*, 524 N.W.2d 584, 590 (N.D.1994)). In *Lovin*, at ¶ 17 (quoting *Alvarez*, at 589), we said " '[m]aintaining stability and continuity in the child's life, without harm to the child, is the most compelling factor when considering a motion for change of custody.' "

[¶ 7] Generally, a party seeking to modify an existing custody determination must establish a significant change in circumstances which adversely affects the child and requires a change in custody to further the best interests of the child. *In re K.M.G.*, 2000 ND 50, ¶ 4, 607 N.W.2d 248. However, N.D.C.C. § 14–09–06.6(5), which was enacted in 1997, limits custody modifications within two years after a pri-

or custody determination. *State ex rel. D.D. v. G.K.*, 2000 ND 101, ¶ 5, 611 N.W.2d 179; *K.M.G.*, at ¶ 5. We have recognized "[t]he legislature enacted more rigorous requirements for motions brought less than two years after a determination to allow 'something of a moratorium for the family' during the two-year period after a custody determination." *D.D.*, at ¶ 5 (quoting *Hearing on S.B. 2167 Before the Senate Judiciary Comm.*, 55th N.D. Legis. Sess. (Jan. 21, 1997) (testimony of Sherry Mills Moore, Chair of the Family Law Task Force)). The purpose of the moratorium is to spare children the "painful, disruptive, and destabilizing" effects of repeat custody litigation. *See Quarne v. Quarne*, 1999 ND 188, ¶ 9, 601 N.W.2d 256 (quoting *Hearing on S.B. 2167 Before the Senate Judiciary Comm.*, 55th N.D. Legis. Sess. (Jan. 21, 1997) (testimony of Sherry Mills Moore, Chair of Family Law Task Force)).

[¶ 8] Section 14–09–06.6, N.D.C.C., provides, in part:

5. The court may not modify a prior custody order within the two-year period following the date of entry of an order establishing custody unless the court finds the modification is necessary to serve the best interest of the child and:

a. The persistent and willful denial or interference with visitation;

b. The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development; or

c. The primary physical care of the child has changed to the other parent for longer than six months.

. . . .

8. Upon a motion to modify custody under this section, the burden of proof is on the moving party.

[¶ 9] Here, Shawn Damron brought a motion to modify custody under N.D.C.C. § 14–09–06.6(5)(b), claiming *Jacobson* effectively created a presumption of harm to children living in a lesbian household and eliminated any requirement for evidence of actual or potential harm to the children. To the extent *Jacobson* can be read as creating such a presumption, it is overruled.

[¶ 10] Other courts generally have recognized that, in the absence of evidence of actual or potential harm to the children, a parent's homosexual relationship, by itself, is not determinative of custody. *See S.N.E. v. R.L.B.*, 699 P.2d 875, 878–79 (Alaska1985) (reversing custody modification because no suggestion mother's homosexual relationship adversely affected child); *Jacoby v. Jacoby*, 763 So.2d 410, 413 (Fla.Ct.App.2000) (stating court may not consider mother's sexual orientation in deciding custody unless there is evidence conduct has direct adverse impact on children, and the mere possibility of negative impact on children is not enough); *In re Marriage of R.S.*, 286 Ill.App.3d 1046, 222 Ill.Dec. 498, 677 N.E.2d 1297, 1301–03 (1996) (reversing custody modification based on mother's homosexual relationship because no evidence children adversely affected by relationship); *D.H. v. J.H.*, 418 N.E.2d 286, 293 (Ind.Ct.App.1981) (stating homosexual relationship standing alone without evidence of any adverse affect upon children does not render homosexual parent unfit as matter of law to have custody); *Hassenstab v. Hassenstab*, 6 Neb. App. 13, 570 N.W.2d 368, 372–73 (1997) (affirming refusal to modify custody based on mother's homosexual relationship in absence of evidence child was directly exposed to sexual activity or harmed by relationship); *Inscoe v. Inscoe*, 121 Ohio App.3d 396, 700 N.E.2d 70, 82 (1997) (allowing trial court to consider parent's sexual orientation only if it has direct adverse impact on children); *Fox v. Fox*, 904 P.2d 66, 69–70 (Okl.1995) (reversing custody modification based on mother's homosexual relationship because no evidence relationship adversely affected child); *Stroman v. Williams*, 291 S.C. 376, 353 S.E.2d 704, 705–06 (Ct.App.1987) (affirming refusal to modify custody based on mother's homosexual relationship in absence of evidence child's welfare adversely affected); *Van Driel v. Van Driel*, 525 N.W.2d 37, 39–40 (S.D.1994) (affirming award of custody to homosexual mother where no evidence of adverse affect on children); *Matter of Marriage of Cabalquinto*, 100 Wash.2d 325, 669 P.2d 886, 888 (1983) (stating homosexuality in and of itself is not a bar to custody or to reasonable rights of visitation).

[¶ 11] Under N.D.C.C. § 14–09–06.6(5)(b) and (8), Shawn Damron, as the party moving for a change of custody within two years after entry of an order establishing custody, had the burden to show modification was necessary to serve the best interests of the children and to show the children's present environment may endanger their physical or emotional health or impair their emotional development. Our cases dealing with motions to modify custody generally have recognized that in order to modify custody there must be some evidence the custodial parent's custodial environment may endanger the children. *See In re Thompson*, 2003 ND 61, ¶ 12, 659 N.W.2d 864 (allegations of physical and emotional neglect of children sufficient to establish prima facie case for evidentiary hearing); *Engh v. Engh* 2003 ND 5, ¶¶ 7–9, 655 N.W.2d 712 (allegations of endangerment to emotional and physical health of children sufficient to establish prima facie case for evidentiary hearing, but trial court's failure to make finding that custodial father had endangered the children's physical or emotional health or impaired their emotional development required reversal of order changing custo-

dy); *O'Neill v. O'Neill*, 2000 ND 200, ¶ 8, 619 N.W.2d 855 (allegations demonstrating a custodial environment which may endanger children's physical or mental health are sufficient to raise a prima facie case for change of custody); *Quarne*, 1999 ND 188, ¶ 12, 601 N.W.2d 256 (child abuse constitutes an environment which endangers the child's physical or mental health and is, as a matter of law, a material change of circumstances warranting a change of custody under N.D.C.C. § 14–09–06.6(5)); *Holtz v. Holtz*, 1999 ND 105, ¶ 17, 595 N.W.2d 1 (endangerment of child's physical or emotional health or impairment of child's emotional development is material change of circumstances warranting change of custody).

[¶ 12] Under N.D.C.C. § 14–09–06.6(5)(b), we hold a custodial parent's homosexual household is not grounds for modifying custody within two years of a prior custody order in the absence of evidence that environment endangers or potentially endangers the children's physical or emotional health or impairs their emotional development.

[¶ 13] Here, the trial court found Valerie Damron was a fit parent, but effectively ruled that *Jacobson* created a presumption of harm to children living in a lesbian household, and Shawn Damron presented no evidence the children's present environment may endanger their physical or emotional health or impair their emotional development. There is evidence the children are doing well in Valerie Damron's custody. Shawn Damron does not dispute the oldest child is doing well physically, academically, and socially, and he has not noticed any adverse impact on the youngest child. Although Shawn Damron testified Valerie Damron's homosexual relationship "sets the wrong moral character for my children," he presented no evidence that the relationship was causing actual or potential harm to the chil-

dren. We hold Shawn Damron failed to meet his burden of proof to justify a change in custody under N.D.C.C. § 14–09–06.6(5)(b). There is no evidence to support the trial court's modification of custody, and we therefore conclude the court's modification of custody is clearly erroneous. Because of our conclusion, we do not address Valerie Damron's argument the modification of custody based on her sexual orientation violates the federal and state constitutions. *See Kaler v. Kraemer*, 1999 ND 237, ¶ 22, 603 N.W.2d 698 (declining to consider issues not necessary to determination of appeal).

[¶ 14] Both Shawn and Valerie Damron seek attorney fees for these proceedings. We conclude neither party is entitled to attorney fees.

[¶ 15] We reverse the amended judgment.

[¶ 16] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.

I concur in the result, DALE V. SANDSTROM, J.