**Lucille KRAFT, Plaintiff and Appellant,**

v.

**William J. KRAFT, Defendant and Appellee.**

**Civ. No. 10749.**

Supreme Court of North Dakota.

April 17, 1985.

---

Mark F. Purdy, of Pringle & Herigstad, P.C., Minot, for plaintiff and appellant.

R. James Maxson, of Farhart, Rasmuson, Lian & Maxson, P.C., Minot, for defendant and appellee.

VANDE WALLE, Justice.

Lucille Kraft appealed from a judgment of divorce issued by the district court of Ward County and from the subsequent order denying Lucille's motion for a new trial pursuant to Rule 59, N.D.R.Civ.P., or, in the alternative, for relief from the judgment under Rule 60, N.D.R.Civ.P. We affirm in part and reverse in part and remand for further proceedings.

Lucille and William J. Kraft were married on November 17, 1952. Two children were born to the couple during their marriage, namely, Debra, born August 8, 1953, and Timothy, born June 9, 1958. After 25 years of marriage Lucille and William experienced marital difficulties. During the period from 1978 until 1983 William and Lucille initiated divorce actions on five separate occasions. Lucille commenced the divorce action leading to this appeal on February 2, 1983.

During the marriage, Lucille worked as a legal secretary, assisted William in the operation of their Tastee-Freeze Drive-Inn, and assisted William in both his construction and farming businesses. Lucille did not receive compensation for her work with the Tastee-Freeze Drive-Inn, but she received nominal compensation for assisting in William's construction and farming businesses. At the time of trial, Lucille was working as a legal secretary with a gross income of $1,538 per month. Lucille's education includes one year of business college.

William has worked as a battalion chief for the City of Minot fire department. At the time of trial he was earning a gross salary of $2,180 per month. Additionally, William had operated a construction business but at the time of trial that business was inactive. William's farming business

had resulted in both losses and gains, neither being substantial.

William testified at trial that he has a retirement plan through the City of Minot that will allow him to receive retirement benefits at age 60. Lucille testified that she also has a profit-sharing retirement plan through her employer. At trial William testified that his fireman's pension would be equal to approximately $900 per month upon retirement. Lucille testified that her retirement benefits from the profit-sharing plan amounted to a total sum of approximately $1,600. The trial court stated that because no specific evidence was presented as to the values of the retirement plans, the court would treat the plans as offsetting in value.

The trial court found that Lucille and William had accumulated property worth $278,395 during their marriage. Evidence indicated that encumbrances against the property totaled $109,154. In dividing the marital property, the trial court awarded Lucille property with a net value of approximately $91,500 and property having a net value of $77,000 to William.[1] The trial court did not award alimony to either party and both parties were made responsible for their own attorney fees.

Approximately eight days after the notice of entry of the divorce judgment, Lucille, through new counsel, moved the trial court for a new trial under Rule 59, N.D.R. Civ.P., and, alternatively, for relief from the divorce judgment under Rule 60, N.D. R.Civ.P. The central point of Lucille's argument was that the trial court's judgment, which gave her a net distribution of approximately $91,500 and $77,000 to William, was not an equitable distribution of the real and personal property of the parties.

Lucille first asserted that her motion under Rules 59 and 60, N.D.R.Civ.P., should be granted because she was ill during the trial and thus unable to adequately present her case to the trial court and effectively assist her counsel.

In its consideration of Lucille's first argument, the trial court stated that it had not observed any impairment in Lucille's ability to participate in the proceedings. The court held that Lucille had the obligation to notify the court of her illness and the resulting disability and that, not having done so, she could not claim after trial that she was entitled to a new trial.

Lucille additionally argued that she should be granted a new trial or, alternatively, relief from the divorce judgment, because she was unable to adequately present her case to the court. Lucille claimed that a warehouse in William's business was erroneously valued by the court and that the court should allow her to present additional evidence as to the extent of William's retirement benefits and the value of growing crops on William's land.

The trial court, in addressing Lucille's arguments concerning additional evidence, stated that none of the facts referred to in Lucille's motion papers would qualify as "newly discovered evidence." The court was of the opinion that both parties had adequate opportunity to prepare for trial and to complete necessary discovery.

In denying Lucille's motion made pursuant to Rules 59 and 60, N.D.R.Civ.P., the trial court stated that it was fully cognizant of the *Ruff-Fischer*[2] guidelines and that the court had given consideration to Lucille's state of health, the duration of the marriage, the conduct of William, and the relative earning capacities of the parties.

The trial court reaffirmed its decision that Lucille was not entitled to alimony considering the property distribution, indebtedness, and earning capacity of each party. The court indicated that William would not have the ability to pay alimony.

Lucille argues on appeal that the trial court erred in denying her motion for a new trial made pursuant to Rule 59, N.D.R.

---

[1]. The distribution did not take into consideration the values of the retirement accounts.

[2]. See *Fischer v. Fischer*, 139 N.W.2d 845 (N.D. 1966); *Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952).

Civ.P., and, alternatively, for relief from the divorce judgment under Rule 60, N.D. R.Civ.P.

■ It is a well-recognized principle of law in our State that a motion for a new trial is addressed to the sound discretion of the trial court. *Fischer v. Knapp*, 332 N.W.2d 76 (N.D.1983); *Okken v. Okken*, 325 N.W.2d 264 (N.D.1982). Additionally, a trial court also has discretion in ruling on a motion made pursuant to Rule 60, N.D.R. Civ.P., for relief from a judgment. *Fleck v. Fleck*, 337 N.W.2d 786 (N.D.1983); *Dvorak v. Dvorak*, 329 N.W.2d 868 (N.D.1983); *Suburban Sales & Service, Inc. v. White*, 326 N.W.2d 873 (N.D.1982). In either case, we will not disturb the trial court's ruling unless there is an affirmative showing of a manifest abuse of discretion. An abuse of discretion has been defined as an unreasonable, arbitrary, or unconscionable attitude by the trial court. *Kerzmann v. Rohweder*, 321 N.W.2d 84 (N.D.1982); *Wilson v. General Motors Corp.*, 311 N.W.2d 10 (N.D.1981).

■ The facts considered by the trial court in making a determination with regard to matters of property division, alimony, and child support are findings of fact subject to the "clearly erroneous" standard of Rule 52(a), N.D.R.Civ.P. See *Burrell v. Burrell*, 359 N.W.2d 381 (N.D.1985). We have said that a trial court's finding is clearly erroneous only when, although there is some evidence to support it, we are left with a definite and firm conviction that a mistake has been made. *Burrell v. Burrell, supra; Klitzke v. Klitzke*, 308 N.W.2d 385 (N.D.1981).

Lucille contends that the trial court should have allowed her to present more evidence as to the value of William's warehouse and the value of the growing crops and stored grain. We agree with the trial court that both parties had sufficient opportunity at trial to present evidence concerning the values of the warehouse, growing crops, and stored grain.

■ After reviewing the allegations contained in Lucille's motion under Rules 59

and 60, N.D.R.Civ.P., we believe that the trial court did not abuse its discretion in denying the relief requested. However, we conclude that Lucille is entitled to relief with regard to the matter of retirement pensions.

This court in *Delorey v. Delorey*, 357 N.W.2d 488 (N.D.1984), held that the trial court's failure to consider a husband's nonvested military pension in its distribution of marital property was reversible error. In *Delorey* the parties presented no evidence as to the value of the military pension and the trial court did not attempt to assign a value to the pension. The trial court found that the military pension had not vested in the husband because he still was on active duty. The trial court concluded that as a matter of law the unvested pension could not be considered in property distribution. On appeal this court emphasized the trial court's affirmative duty pursuant to Section 14-05-24, N.D.C.C., to make an equitable distribution of the parties' marital property. We held that the trial court's erroneous view of the law and resulting failure to consider the military retirement plan necessitated remanding for retrial on the whole question of equitable property division.

*Delorey*, however, does not necessarily control our decision in the case at bar. Here, there was no erroneous view of the law by the trial court concerning its authority to distribute the interests in the retirement plans of the parties. Rather, the court considered the plans but, because of a lack of specific evidence, found them to be offsetting. Thus, contrary to *Delorey*, the parties presented some evidence of the values of their retirement plans. However, despite the fact that the decision in *Delorey* may be distinguished, our result in this case must be similar to that reached in *Delorey*.

■ Both Lucille and William testified during the trial as to the existence and approximate values of their retirement plans. It is true that their testimony con-

cerning the value of their individual retirement plans was not as specific as the trial court may have desired, but we believe that enough evidence was presented for the trial court to observe the great disparity in values between the two plans.[3] The finding that the plans were offsetting is clearly erroneous and we believe that as a result it is possible that the trial court may have failed to make an equitable distribution of the property as required by Section 14-05-24, N.D.C.C.

Because we believe the trial court was mistaken in determining that the retirement plans of the parties were offsetting and in subsequently refusing to permit Lucille to present additional evidence as to the values of these plans, we reverse in part and remand for the limited purpose of having the trial court consider whether or not any adjustment should be made to its order concerning property division and alimony. On remand the court shall permit introduction of additional evidence as to the values of the retirement plans.

ERICKSTAD, C.J., LEVINE and GIERKE, JJ., and VERNON R. PEDERSON, Surrogate Judge, concur.

PEDERSON, Surrogate Judge, sat in place of MESCHKE, J., disqualified.

---

3. Despite the fact that there is enough evidence to indicate that the finding of the trial court that the retirement plans are offsetting is erroneous, our decision herein should not be construed to relieve counsel for the parties of their obligation to introduce the evidence necessary for the trial court to make a finding, particularly where, as here, a party alleges the findings of the trial court are in error. The trial court is entitled to more specific evidence as to the values of the retirement plans than was introduced in this instance.