Cheryl WETCH, Plaintiff and Appellant,

v.

Kirk A. WETCH, Defendant and Appellee.

Civ. No. 950047.

Supreme Court of North Dakota.

Oct. 31, 1995.

William S. Kirschner of Kirschner Law Office, Fargo, for plaintiff and appellant. Appearance by Cheryl Wetch.

Monty G. Mertz of Mertz Law Office, Fargo, for defendant and appellee.

SANDSTROM, Justice.

Cheryl Wetch appealed in this divorce case from a Second Amended Judgment, dated October 21, 1994, changing custody of the parties' two minor daughters from Cheryl Wetch to their father, Kirk Wetch. Because the trial court erred in refusing to consider custody-related evidence predating an April 5, 1994, Amended Judgment and Decree, we reverse and remand to redetermine custody.

I

Cheryl and Kirk Wetch were married in 1987. Their daughter Cassandra was born in 1989, and their daughter Kaley Anne was born in 1991. The parties were divorced on March 12, 1993, and by stipulated agreement Cheryl Wetch received custody of Cassandra and Kaley Anne, and Kirk Wetch received liberal visitation rights. About one year later, a dispute arose when Cheryl Wetch wanted to move with the children to Tennessee. Kirk Wetch objected to the move and sought physical custody of the girls. The matter was resolved by stipulated agreement, and an amended judgment was entered on April 5, 1994, permitting Cheryl Wetch to retain custody of the children but

restricting her to reside within 60 miles of Fargo–Moorhead.

During the summer of 1994, Cheryl Wetch, without permission of Kirk Wetch or the trial court, moved with the children to Tennessee. Kirk Wetch filed a motion for change of custody. In deciding the motion, the trial court specifically stated it would not consider any evidence of the parties' activities or conduct prior to the April 5, 1994 amended judgment. After conducting an evidentiary hearing on September 7 and 8, 1994, the court granted the motion, awarding Kirk Wetch physical custody of the girls. Cheryl Wetch appealed.

The district court had jurisdiction under Art. VI, § 8, N.D. Const., and N.D.C.C. §§ 27–05–06(2) and 14–05–22(1). We have jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. § 28–27–01. The appeal was timely under Rule 4(a), N.D.R.App.P.

## II

■ The dispositive issue Cheryl Wetch raises on appeal is whether the trial court erred in refusing to consider custody evidence relating to conduct and events occurring before the April 5, 1994 judgment. When a trial court makes an original award of custody between parents in a divorce proceeding, it must determine the single issue of what is in the child's best interests. *Delzer v. Winn*, 491 N.W.2d 741, 743 (N.D.1992). When the court considers a request to modify an original custody award, however, it must determine two issues: (1) whether there has been a significant change of circumstances since entry of the original divorce decree and custody award; and, if so, (2) whether the changed circumstances require in the best interests of the child custody be modified. *Anderson v. Anderson*, 448 N.W.2d 181, 182 (N.D.1989).

During oral argument, Cheryl Wetch conceded her change of residence to Tennessee constituted a significant change of circum-

stances. She claims the change of circumstances, however, does not justify a change of custody, because prior to the divorce Kirk Wetch perpetrated domestic violence toward Cheryl Wetch and the girls, raising a presumption against Kirk Wetch getting custody. *See* N.D.C.C. § 14–09–06.2(j).[1] Kirk Wetch responds res judicata precludes the trial court from considering parties' pre-divorce conduct. Alternatively, Kirk Wetch asserts the trial court should have considered evidence of Cheryl's pre-divorce misconduct, including physical abuse of Kirk Wetch and neglect of the children.

■ The trial court has broad discretion on evidentiary matters. *State v. Martinsons*, 462 N.W.2d 458, 460 (N.D.1990). On appeal, we will not overturn a trial court's decision admitting or excluding evidence on relevancy grounds unless the trial court has abused its discretion. *State v. Gefroh*, 495 N.W.2d 651, 653–654 (N.D.1993); *Blotske v. Leidholm*, 487 N.W.2d at 610. A trial court also has substantial discretion in custody matters, providing the court evaluates all factors affecting the children's best interests and welfare as enumerated under N.D.C.C. § 14–09–06.2. *Weber v. Weber*, 512 N.W.2d 723, 727 (N.D.1994); *see also Blotske v. Leidholm*, 487 N.W.2d at 610.

■ Kirk Wetch asserts the doctrine of res judicata precluded the trial court from considering custody-related evidence predating the April 5, 1994 amended judgment. Res judicata, or claim preclusion, prohibits the relitigation of claims or issues that were raised or could have been raised in a prior action between the same parties or their privies, and which were resolved by final judgment in a court of competent jurisdiction. *Minex Resources, Inc. v. Morland*, 518 N.W.2d 682, 687 (N.D.1994). Under res judicata principles, it is inappropriate to rehash issues which were tried or could have been tried by the court in prior proceedings. *See Hofsommer v. Hofsommer Excavating, Inc.*,

---

1. This section, which expressly makes domestic violence a factor in determining custody, provides in part:

"j. Evidence of domestic violence. In awarding custody or granting rights of visitation, the court shall consider evidence of domestic violence. If the court finds credible evidence that domestic violence has occurred, this evidence creates a rebuttable presumption that a parent who has perpetrated domestic violence may not be awarded sole or joint custody of a child."

488 N.W.2d 380, 383 (N.D.1992). The doctrine, however, should be applied as fairness and justice require but should not be applied so rigidly as to defeat the ends of justice or to work an injustice. *Borsheim v. O & J Properties,* 481 N.W.2d 590, 597 (N.D.1992). The doctrine should not be strictly applied to preclude the trial court from hearing for the first time relevant custody-related evidence bearing on considerations of what is in a child's best interests. *Randolph v. Dean,* 27 Ill.App.3d 913, 327 N.E.2d 473, 474–475 (1975). *See also Eklund v. Eklund,* 538 N.W.2d 182, 185 (N.D.1995) (The doctrine of material change of circumstances "has given a limited finality effect to a child support order, while leaving the order 'open to subsequent revision' for the best interests of the children.") Under proper circumstances custody issues, although decided in the original divorce action, may be reexamined and a court order modified in the continuing jurisdiction of the trial court. *Fichter v. Kadrmas,* 507 N.W.2d 72, 74 (N.D.1993).

■ We have not previously decided whether it is error in a change of custody proceeding for a trial court to refuse to consider evidence of relevant custody factors occurring prior to entry of the original custody decree. There is, however, substantial persuasive authority from other courts that when the original custody decree is entered upon default or based upon a stipulation of the parties, a trial court errs by refusing to consider pre-divorce conduct on the change-of-custody issue. *Handley v. Taylor,* 638 So.2d 8 (Ala.Civ.App.1994); *Wilson v. Wilson,* 408 So.2d 114, 116 (Ala.Civ.App.1981), *cert. denied, Ex Parte Wilson,* 408 So.2d 117 (1982); *Randolph v. Dean,* 27 Ill.App.3d 913, 327 N.E.2d 473, 475 (1975); *see also Farr v. Newton,* 239 Neb. 179, 474 N.W.2d 683, 686 (1991); *Timmons v. Timmons,* 94 Wash.2d 594, 617 P.2d 1032, 1035–36 (1980); *Warren v. Warren,* 191 N.W.2d 659, 661 (Iowa 1971); *Wendland v. Wendland,* 29 Wis.2d 145, 138 N.W.2d 185, 192 (1965); *Stratton v. Stratton,* 87 Idaho 118, 391 P.2d 340, 342 (1964); *Stewart v. Stewart,* 86 Idaho 108, 383 P.2d 617, 619–620 (1963). In *Wilson,* at 116, the Alabama Court of Civil Appeals reversed the trial court's denial of the ex-husband's peti-

tion for change of custody and remanded for a new trial on the custody issue:

"Appellant's first contention is that the trial court erred in refusing to hear evidence concerning the wife's predivorce misconduct. Appellant sought unsuccessfully to introduce testimony at trial of the mother's immoral conduct prior to the divorce as a ground on which to justify modification of the custody decree. Although facts disclosed to the court and considered by it in fashioning the original custody decree cannot be 'rehashed' in a subsequent modification proceeding, facts existing at the time of the original divorce decree but not disclosed at that time may be considered by the court in a subsequent modification proceeding, even though these facts do not relate to a change of circumstances subsequent to the original divorce decree. . . .

"The provisions of the original divorce decree were, in the present case, based upon the stipulations and agreement of the parties. Apparently, no testimony concerning the child custody issue was offered. Under such circumstances, facts relating to the parties' pre-divorce conduct should be considered by the trial court in a modification proceeding. . . . The trial court's refusal to admit any evidence concerning the parties' prior conduct is clearly error. Accordingly, the trial court's decree must be reversed."

■ Similar to the circumstances in *Wilson,* the original custody award in this case was based upon agreement by the parties with no apparent attempt by the trial court to determine the factual underpinning of the custody agreement. The original decree was then amended on April 5, 1994, based upon another stipulation of the parties and without evidentiary hearing or fact-finding by the trial court. Consequently, the custody issue was not litigated until the September 1994 evidentiary hearing. We agree with the *Wilson* rationale. In deciding a change of custody motion, if the previous custody placement was based upon the parties' stipulation and not by consideration of the evidence and court made findings, the trial court must consider all relevant evidence, including pre-

divorce conduct and activities, in making a considered and appropriate custody decision in the best interests of the children. Here, evidence of the parties' conduct and activities predating the April 5, 1994 judgment is relevant to the court's evaluation of what is in the children's best interests. Because the prior custody decisions in this case were based on stipulation of the parties, not upon evidence introduced in a contested proceeding and not by considered fact finding of the court, we conclude the trial court should have considered custody-related evidence of factors predating the April 5, 1994 Amended Judgment and Decree. Although the trial court attempted to resolve the custody issue in the children's best interests, it was hampered in that task by not admitting the prior custody-related evidence. We conclude the court's exclusion of that evidence was an abuse of discretion.

### III

The court's custody decision in the Second Amended Judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

VANDE WALLE, C.J., and NEUMANN and MESCHKE, JJ., concur.

LEVINE, concurs in the result.