2008 ND 129

**Virgil LAIB, Plaintiff, Appellee and Cross–Appellant**

v.

**Lisa LAIB, Defendant, Appellant and Cross–Appellee.**

No. 20070079.

Supreme Court of North Dakota.

June 26, 2008.

Lori Kim Weisz, Harvey, N.D., for plaintiff, appellee and cross-appellant.

Paul M. Probst, Probst Law Firm, Minot, N.D., for defendant, appellant, and cross-appellee.

KAPSNER, Justice.

[¶ 1]   Lisa Laib appeals from an amended judgment changing custody of her three children to their father, Virgil Laib. Virgil Laib cross-appeals from an order denying his motion for relief from the parties' divorce judgment. We conclude the district court misapplied the law in granting a change of custody to Virgil Laib, but did not abuse its discretion in denying his motion for relief from the divorce judgment. We reverse the amended judgment and remand for further findings and for consideration of Lisa Laib's request for attorney fees for this appeal. We affirm the order denying Virgil Laib's motion for relief from the judgment.

I

[¶ 2]   The parties were married in 1996 and had three sons during the course of their marriage. Virgil Laib also has a son from a previous marriage. The family lived north of McClusky on a farm and ranch Virgil Laib had been operating since 1989. During the marriage, the Laibs entered into a contract for deed to purchase three quarter sections of land from Virgil Laib's parents.

[¶ 3]   Virgil Laib filed for divorce in June 2004, when he was 38 years old and Lisa Laib was 39 years old. When the parties separated, Virgil Laib's son from the previous marriage stayed with his father on the farm and the parties' three sons lived with Lisa Laib in Minot. The district court awarded custody of the parties' three minor children to Lisa Laib. The court found Virgil Laib had committed domestic violence based on his conviction for terrorizing in an incident involving Lisa Laib, see State v. Laib, 2005 ND 191, 705 N.W.2d 815, and "[o]ther evidence of mental and physical abuse . . . in the record" sufficient to trigger the rebuttable presumption against an award of custody under N.D.C.C. § 14–09–06.2(1)(j). Although Lisa Laib had been the subject of a Social Services investigation initiated by Virgil Laib in July 2004 regarding abuse of the children, the investigation resulted in a recommendation that no services were necessary, and the court found no evidence of an ongoing pattern of domestic violence by Lisa Laib. The court found Virgil Laib had not "rebutted [the presumption] by

clear and convincing evidence that it would be in the children's best interests to grant Virgil sole or joint custody of the children." The court granted Virgil Laib supervised visitation with the children for the first six months from the date of entry of judgment, supervised visitation with some unsupervised visitation for the next six months, and unsupervised visitation thereafter.

[¶ 4] In dividing the parties' property, the court noted, "[o]ther than the farmstead and the three quarters of land, neither party introduced evidence of the value of any of the property. Therefore, it is impossible for the Court to equitably divide the property by value." The court accepted the parties' agreement on distribution of some of the property and further ruled:

The parties agree Virgil should keep the farmstead and any debt associated with the farmstead. As to the three quarters of land, the testimony at trial was that this property's ownership is in litigation due to Virgil's default on the contract for deed under which he was purchasing the property. Because the ownership is disputed the Court cannot include the property in the marital estate.

The divorce judgment was entered in September 2005, and neither party appealed.

[¶ 5] In April 2006, Virgil Laib filed a motion for an ex parte interim order granting him custody of the three children and also moved for permanent modification of custody. Virgil Laib alleged that Lisa Laib was continuing to abuse the children, she had threatened suicide, and she also had guns in her home. The district court granted the interim order pending a hearing on the change of custody motion. Following a hearing in August 2006, the district court granted the motion to change custody of the three boys from Lisa Laib to Virgil Laib. The court noted Lisa Laib had checked herself into a psychiatric ward in Minot after having suicidal thoughts, had driven a car toward Virgil Laib's girlfriend, and the children had expressed a preference to live with their father on the farm. The court explained:

The Court finds that there has been a significant change in circumstances in that the children have now clearly expressed their desire to live on the farm. The Court is also concerned about Lisa's mental stability based on her suicidal threats and on her behavior in driving a car toward [Virgil Laib's girlfriend]. The Court finds it would be in the children's best interests to grant Virgil's Motion for Change of Custody ... because it is the childrens' [sic] expressed preference, because the evidence presented at the original trial and at the hearing on the Motion establishes that there are many things to do on the farm that the children enjoy and that are not available to them in Minot, and that they are now doing well in school when they were struggling in Minot. There is also evidence that Lisa has hit the children and that she tied [a child] to a chair. Lisa also uses profanity toward the children.

[¶ 6] Virgil Laib also filed a N.D.R.Civ.P. 60(b) motion for relief from the property distribution provisions of the divorce judgment. Virgil Laib alleged the cancellation action over the contract for deed to the three quarter sections of farmland had been resolved and both Virgil and Lisa Laib had redeemed the property. He further alleged that Lisa Laib had initiated an action to partition the farmland. He argued, because the contract for deed had been excluded as marital property during the divorce proceedings, and the legal ownership of the property had now been determined, the divorce court was obligat-

ed to determine whether Virgil or Lisa Laib should be awarded the farmland under principles of equitable property distribution. Virgil Laib also alleged Lisa Laib had given "false testimony" in the contract for deed action and her testimony during the divorce proceedings was not credible because, although she testified she had situational depression caused by Virgil Laib, she had been hospitalized for mental health issues before the marriage. The district court denied the motion for relief from the judgment, concluding it had no jurisdiction to rule on the motion because "[t]he referenced real property is not part of the marital estate and is the subject of other litigation."

## II

[¶ 7]  On appeal, Lisa Laib contends the district court erred in granting Virgil Laib's motion to change custody of the three children.

[¶ 8]  When a motion to change custody is brought less than two years after a divorce judgment is entered establishing custody, a stricter or more rigorous modification standard applies. *Graner v. Graner*, 2007 ND 139, ¶ 30, 738 N.W.2d 9; *Seibel v. Seibel*, 2004 ND 41, ¶ 6, 675 N.W.2d 182. The applicable standard in this case is set forth in N.D.C.C. § 14–09–06.6(5)(b), which provides:

5.  The court may not modify a prior custody order within the two-year period following the date of entry of an order establishing custody unless the court finds the modification is necessary to serve the best interest of the child and:

. . . .

b.  The child's present environment may endanger the child's physical or

emotional health or impair the child's emotional development;

*See also* N.D.C.C. § 14–09–06.6(3)(b).

[¶ 9]  The party moving for a change of custody within two years after entry of an order establishing custody has the burden to show modification is necessary to serve the best interests of the children and to show the children's present environment may endanger their physical or emotional health or impair their emotional development. *Damron v. Damron*, 2003 ND 166, ¶ 11, 670 N.W.2d 871. Although the statute does not list a material change of circumstances as a factor to consider when a motion is brought within the two-year time frame, this Court has said "[e]vidence of physical child abuse constituting an environment which endangers the child's physical or mental health is, as a matter of law, a material change of circumstances warranting a change of custody under both N.D.C.C. § 14–09–06.6(5) and (6)." *Quarne v. Quarne*, 1999 ND 188, ¶ 12, 601 N.W.2d 256; *see also Holtz v. Holtz*, 1999 ND 105, ¶ 17, 595 N.W.2d 1; *Hill v. Weber*, 1999 ND 74, ¶ 11, 592 N.W.2d 585.

[¶ 10]  A district court's decision whether to change custody is a finding of fact subject to the clearly erroneous standard of review under N.D.R.Civ.P. 52(a). *Clark v. Clark*, 2006 ND 182, ¶ 18, 721 N.W.2d 6. A finding of fact is clearly erroneous if there is no evidence to support it, if the finding is induced by an erroneous view of the law, or if the reviewing court is left with a definite and firm conviction a mistake has been made. *Id.*

[¶ 11]  In this case the district court made no finding that the children's present environment with Lisa Laib may endanger their physical or emotional health or impair their emotional development. A court may not modify a prior

custody order within the two-year period unless it makes an appropriate finding that one of the factors under N.D.C.C. § 14–09–06.6(5) have been met. *See Engh v. Engh*, 2003 ND 5, ¶ 8, 655 N.W.2d 712. Virgil Laib relies on evidence of Lisa Laib's mental health and her behavior with his girlfriend and the children. However, Lisa Laib voluntarily checked herself into a hospital for treatment of her mental health issues and continues to receive counseling. She attributed her suicidal thoughts to situational depression caused by Virgil Laib's demands for custody of the children and ownership of the farm-land. The court made no finding that the children were affected by the episode. Fur-thermore, from our review of the record it appears the court's reference to Lisa Laib hitting the children stems from her pre-divorce conduct which the court had al-ready considered in originally awarding her custody of the children.

■ [¶ 12] Although we do not remand for clarification if we can clearly under-stand the court's factual determinations and discern through inference or deduction the rationale for the district court's result, *see Hilgers v. Hilgers*, 2004 ND 95, ¶ 23, 679 N.W.2d 447, this is not such a case. Indeed, the court's findings strongly sug-gest the primary basis for the court's deci-sion is the preference of the children and the many activities they enjoy on the farm. The "reasonable preference of the child" is one of the best interest factors under N.D.C.C. § 14–09–06.2(1)(i), but it cannot justify a change of custody under N.D.C.C. § 14–09–06.6(5)(b) unless the court finds modification is *"necessary* to serve the best interest of the child" and further finds the "child's present environment may en-danger the child's physical or emotional health or impair the child's emotional de-velopment." (Emphasis added.)

■ [¶ 13] The district court also failed to address its findings in the divorce proceeding that Virgil Laib had committed domestic violence sufficient to trigger the rebuttable presumption against an award of custody under N.D.C.C. § 14–09–06.2(1)(j) and that he had failed to rebut the presumption. If the pre-divorce do-mestic violence triggers the presumption against an award of custody, custody may not be changed to the perpetrator unless the court finds by clear and convincing evidence that the presumption has been rebutted. *See Holtz*, 1999 ND 105, ¶¶ 27, 30, 595 N.W.2d 1. The district court ig-nored this factor in its decision to change custody of the children from Lisa Laib to Virgil Laib.

[¶ 14] We conclude the district court misapplied the law in its decision to change custody. Before a change of custody may be granted under these circumstances, the court must first find whether the children's present environment may endanger their physical or emotional health or impair their emotional development. If so, the court must further find whether Virgil Laib has rebutted the domestic violence presumption against an award of custody with clear and convincing evidence that the best interests of the children require his participation as the custodial parent and that modification is necessary to serve the children's best interests. *See* N.D.C.C. §§ 14–09–06.2(1)(j) and 14–09–06.6(5). We reverse and remand for the court to cor-rectly apply the law and make the appro-priate findings of fact on the record.

### III

[¶ 15] In his cross-appeal, Virgil Laib argues the district court erred in denying his motion for relief from the judgment.

■ [¶ 16] A district court's decision on a N.D.R.Civ.P. 60(b) motion for relief from the judgment is within the court's

sound discretion and will not be reversed on appeal absent an abuse of discretion. *Olander Contracting Co. v. Gail Wachter Invs.*, 2003 ND 100, ¶ 8, 663 N.W.2d 204. An abuse of discretion exists only when the district court acts in an arbitrary, unconscionable, or unreasonable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Follman v. Upper Valley Special Educ. Unit*, 2000 ND 72, ¶ 10, 609 N.W.2d 90. The moving party bears the burden of establishing sufficient grounds for disturbing the finality of the judgment, and relief should be granted only in exceptional circumstances. *Id.*

■ [¶ 17] A motion for relief from a judgment under N.D.R.Civ.P. 60(b) is not a substitute for an appeal. *Johnson v. Nodak Mut. Ins. Co.*, 2005 ND 112, ¶ 17, 699 N.W.2d 45. We do not determine whether the district court was substantively correct in entering the judgment from which relief is sought, but determine only whether the court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not established. *Knutson v. Knutson*, 2002 ND 29, ¶ 7, 639 N.W.2d 495. "When it is disclosed that a judgment is so blatantly one-sided or so rankly unfair under the uncovered circumstances that courts should not enforce it, N.D.R.Civ.P. 60(b)(vi) provides the ultimate safety valve to avoid enforcement by vacating the judgment to accomplish justice." *Kopp v. Kopp*, 2001 ND 41, ¶ 10, 622 N.W.2d 726.

■ [¶ 18] During the divorce proceedings Lisa Laib listed the value of the three quarter sections of land at $125,280, but Virgil Laib assigned no value to the property and instead wrote "Defaulted— Don't Own" on the property and debt listing. The land was involved in other litigation brought by Virgil Laib's parents to cancel the contract for deed. The district court ruled the land could not be included in the marital estate because its ownership was disputed in the cancellation action. To the extent there was a value that could be assigned to the parties' redemption rights, the property should have been considered marital property in the divorce proceeding. *See Hitz v. Hitz*, 2008 ND 58, ¶ 11, 746 N.W.2d 732 (all property held by either party jointly or individually is considered marital property); *Werre v. Bowman County*, 79 N.D. 617, 624, 58 N.W.2d 792, 797 (1953) (right to make redemption is an interest in land "at least of some potential value"). However, neither party appealed from the divorce judgment to correct this error. Only after Lisa Laib was awarded the right to redeem with Virgil Laib in the cancellation action almost one year after the divorce judgment was entered did Virgil Laib seek the aid of a different court through this N.D.R.Civ.P. 60(b) motion in the divorce proceedings to "deny[ ] Lisa Laib equity in his parent's farmland."

■ [¶ 19] The circumstances here are distinguishable from *Kraft v. Kraft*, 366 N.W.2d 450 (N.D.1985), the primary case relied upon by Virgil Laib. In *Kraft*, at 452, the wife appealed from the divorce judgment and from the denials of her motions for new trial and for relief from the judgment filed eight days after notice of entry of the divorce judgment. The wife argued the court should not have merely offset the parties' retirement pensions in distributing the marital property because the husband's retirement benefits were worth substantially more than her own and she should be allowed to present additional evidence to establish the value. *Id.* This Court concluded the district court erred in offsetting the retirement plans because "enough evidence was presented for the trial court to observe the great disparity in values between the two plans." *Id.* at 454

(footnote omitted). We reversed and remanded to permit the wife to present additional evidence on the value of the plans "for the limited purpose of having the trial court consider whether or not any adjustment should be made to its order concerning property division and alimony." *Id.* Unlike the present case, the motion for relief from the judgment in *Kraft* was filed within days of entry of the divorce judgment and the appeal from the denial of the motion accompanied the direct appeal from the judgment itself. This case lacks the "great disparity" in the values of the parties' contested property that was crucial in *Kraft*. The court in the cancellation action ruled the parties, upon redeeming, would be tenants in common. Tenants in common generally hold an undivided one-half interest in property. *See Black's Law Dictionary* 1465 (6th ed.1990). The parties have each essentially received one-half of the three quarter sections of farmland after a nine-year marriage, a result which might not have been different if the farmland had been considered marital property in the original divorce proceeding. Denial of a motion to reopen a judgment is proper when the movant fails to show how the result would be different if the judgment were reopened. *Estate of Wieland,* 1998 ND 130, ¶ 19, 581 N.W.2d 140.

[¶ 20] Virgil Laib's claim that relief should be granted because of newly discovered evidence that Lisa Laib had been hospitalized for mental health reasons before the marriage, which he claims places her credibility in question, is also unpersuasive. Impeachment evidence is generally insufficient to constitute newly discovered evidence warranting vacation of a judgment and a new trial. *See Evenson v. Evenson,* 2007 ND 194, ¶ 30, 742 N.W.2d 829 (evidence must not be merely cumulative or impeaching before a new trial may be granted on the basis of newly discovered evidence); *State v. Steinbach,* 1998 ND 18, ¶ 23, 575 N.W.2d 193 (impeaching affidavits are generally insufficient grounds for granting a new trial).

[¶ 21] Virgil Laib has not established exceptional circumstances or that the divorce judgment is "so blatantly one-sided or so rankly unfair" that it should not be enforced. *Kopp,* 2001 ND 41, ¶ 10, 622 N.W.2d 726. We conclude the district court did not abuse its discretion in denying the N.D.R.Civ.P. 60(b) motion for relief from the judgment.

## IV

[¶ 22] Lisa Laib has requested attorney fees on appeal. Attorney fees may be awarded in divorce proceedings when one spouse has a need for them and the other spouse has the ability to pay. *Wold v. Wold,* 2008 ND 14, ¶ 20, 744 N.W.2d 541. Although we have concurrent jurisdiction with the district court to award attorney fees for an appeal in a divorce proceeding, we prefer that the district court decide the issue. *Dvorak v. Dvorak,* 2006 ND 171, ¶ 24, 719 N.W.2d 362. We therefore remand to the district court to determine whether an award of attorney fees under N.D.C.C. § 14-05-23 is appropriate for this appeal.

## V

[¶ 23] We reverse the amended judgment and remand for further findings and for consideration of Lisa Laib's request for attorney fees for this appeal. We affirm the order denying Virgil Laib's motion for relief from the judgment.

[¶ 24] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.

DALE V. SANDSTROM, J., concurs in the result.