2010 ND 62

**Virgil LAIB, Plaintiff and Appellant**

v.

**Lisa LAIB, Defendant and Appellee.**

No. 20090284.

Supreme Court of North Dakota.

April 6, 2010.

See also 751 N.W.2d 228.

Virgil Laib (on brief), self-represented, McClusky, N.D., plaintiff and appellant.

Gary R. Sorensen (on brief), Minot, N.D., for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Virgil Laib appeals a district court order denying his motion for an award of past child support. We affirm the denial of the motion.

I

[¶ 2] Virgil and Lisa Laib were divorced by a judgment dated September 22, 2005. Lisa Laib was given custody of their three children, and Virgil Laib was ordered to pay $384 per month in child support. Virgil Laib was granted supervised visitation for six months, supervised visitation plus one day every other week unsupervised visitation for the following six months, and unsupervised visitation thereafter. In April 2006, Virgil Laib moved for an ex parte interim order that would grant him temporary custody of the children and stay his child support obligation. The district court granted the interim order pending a hearing. After a hearing in August 2006, the district court amended the judgment, giving primary physical custody of the children to Virgil Laib, with unsupervised visitation for Lisa Laib. The court's order, however, contained no provision for child support. In October 2006, the district court again amended its judgment, changing the time for weekend visitations and changing the wording regarding health insurance but leaving the other provisions of the September 2006 order intact. In November 2006, the district court further amended the judgment for child support, ordering Lisa Laib to pay $792 per month in child support, commencing back to May 1, 2006. In January 2007, the district court issued a Second Amended Judgment, which incorporated the changes, including the child support provision requiring Lisa Laib to pay $792 per month. Lisa Laib moved for reconsideration. She also filed a notice of appeal with this Court. This Court temporarily remanded so the district court could dispose of her motion for reconsideration. The district court granted the motion and vacated the Second Amended Judgment, because no motion to amend judgment had been filed.

[¶ 3] In June 2007, Virgil Laib moved for child support payable from the date he obtained temporary custody of the children forward. In July 2007, this Court again temporarily remanded a pending appeal and cross-appeal so that the district court could dispose of all pending motions. The district court issued an order disposing of various pending motions, including Virgil Laib's motion for child support. The district court, in reference to the fact that it had vacated the Second Amended Judgment, stated, "The Order did not clearly state that it was vacating the order only as it applied to the child support obligation, however that was the trial court's intent (and the direction of the North Dakota Supreme Court) and the trial court will issue a clear order." The district court went on to state:

[T]he defendant's Motion for Reconsideration is GRANTED. The trial court's Order Amending Judgment for Child Support dated November 27, 2006, docket number 142, is hereby VACATED in its entirety due to the fact that the issue was not properly before the trial court. The trial court's Order dated May 24, 2007, docket number 199, is also VACATED, as it is not what the trial court intended nor what the North Dakota Supreme Court had directed on remand, which was that the trial court rule on the defendant's Motion for Reconsideration.

[T]he plaintiff's Motion for Child Support filed June 18, 2007 is DENIED. The plaintiff filed the Motion either when the case was on remand for the limited purpose of the trial court ruling on the defendant's Motion for Reconsideration; or when the case was back at the North Dakota Supreme Court on appeal pursuant to the defendant's Notice of Appeal filed May 22, 2007, or Amended Notice of Appeal From the Second Amended Judgment filed June

14, 2007. In either event, the trial court lacks jurisdiction.

[¶ 4] Virgil Laib appealed the district court's order to this Court, but did not raise or argue the denial of his motion for child support. *See Laib v. Laib,* 2008 ND 129, 751 N.W.2d 228. In August 2008, the district court issued its order on remand, vacating the Second Amended Judgment and reinstating all provisions of the September 2005 judgment in which Lisa Laib was given custody of the three children and Virgil Laib was ordered to pay $384 per month in child support. The order was not appealed.

[¶ 5] In June 2009, Virgil Laib again moved for an award of child support he claimed was owed to him from the date he obtained custody of the children until mid-August 2008, the date the district court reinstated the September 2005 judgment giving Lisa Laib custody of the children. The district court summarily denied the motion.

[¶ 6] Virgil Laib appeals, arguing the district court erred in not awarding him the claimed past due child support. Lisa Laib requests attorney's fees for the appeal.

[¶ 7] The district court had jurisdiction under N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–02.

## II

[¶ 8] Virgil Laib's June 2007 motion was for "child support payable by the Defendant to the Plaintiff from the date that the Plaintiff obtained temporary custody of the children forward." He obtained custody of the children in April 2006; Lisa Laib was then awarded custody of the children in August 2008, when the district court issued its order on remand

vacating the amended judgment and reinstating the original divorce judgment. Virgil Laib's current motion for past child support is for "the period of April, 2006, through August 15, 2008, the time in which he was the custodial parent of the parties' three minor children." The two motions are, in effect, the same.

[¶ 9] The district court denied Virgil Laib's June 2007 motion because it lacked jurisdiction, stating that the motion was filed either when the case was on remand for the limited purpose of the district court ruling on Lisa Laib's motion for reconsideration, or when the case was before this Court on appeal. At the same time, the district court vacated the amended judgment ordering Lisa Laib to pay child support, because the issue had not been properly brought before the district court. Virgil Laib argues the district court erred in that decision, because the district court could have ordered child support on its own motion. However, Virgil Laib did not raise the child support argument in his appeal of the district court's 2007 order. *See Laib v. Laib,* 2008 ND 129, 751 N.W.2d 228 (making no mention of an argument about child support).

[¶ 10] Virgil Laib's current motion is barred by the doctrine of res judicata. "Res judicata, or claim preclusion, prohibits the relitigation of claims or issues that were raised or could have been raised in a prior action between the same parties or their privies, and which were resolved by final judgment in a court of competent jurisdiction." *Wetch v. Wetch,* 539 N.W.2d 309, 311 (N.D.1995). "Under res judicata principles, it is inappropriate to rehash issues which were tried or could have been tried by the court in prior proceedings." *Id.* Virgil Laib did not raise the child support argument in his 2007 appeal, and he cannot bring the same motion two years later and appeal its denial.

We note our opinion addressing Laib's 2007 appeal, *Laib v. Laib*, 2008 ND 129, 751 N.W.2d 228, was issued in June 2008, two months before the district court issued its order on remand reinstating all provisions of the original judgment in which Lisa Laib was given custody of the children. Virgil Laib's 2007 appeal should have raised the issue not only of past child support, but also of child support during the entire time he was the custodial parent, which would have included future as well as past child support. While Virgil Laib's argument for child support may have had some merit, he did not timely pursue it. Therefore, the district court did not err in summarily denying his motion for past child support.

### III

■ [¶ 11] Lisa Laib requests attorney's fees for the appeal. Rule 38, N.D.R.App.P., allows for an award of reasonable attorney's fees if an appeal is frivolous. An appeal is frivolous under Rule 38 if it is flagrantly groundless or meritless, or if it manifests persistence in the course of litigation that could be seen as evidence of bad faith. *Bertsch v. Bertsch*, 2007 ND 168, ¶ 16, 740 N.W.2d 388. We conclude Virgil Laib's appeal is not frivolous and decline to award attorney's fees.

### IV

[¶ 12] The order of the district court denying Virgil Laib's motion for past child support is affirmed.

[¶ 13] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, and CAROL RONNING KAPSNER, JJ., concur.

MARING, Justice, concurring and dissenting.

[¶ 14] I respectfully concur in the majority opinion with the exception of part III from which I dissent.

[¶ 15] Virgil Laib's appeal is frivolous under Rule 38, N.D.R.App.P. In June 2007, Virgil Laib made a motion for an award of retroactive child support starting with the date he obtained temporary custody of the children forward. The district court denied that motion. Virgil Laib appealed that order to this Court, but did not raise the issue of the court's denial of child support. *See Laib v. Laib*, 2008 ND 129, 751 N.W.2d 228. In June 2009, he brought the same motion, which was denied by the district court. Our Court now affirms the district court on the grounds of res judicata. Under Rule 38, N.D.R.App.P., Virgil Laib's appeal is flagrantly meritless, and I would award Lisa Laib attorney's fees and remand for the district court to determine the amount.

[¶ 16] Mary Muehlen Maring