Filed 6/5/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 130

Jennifer L. Dickson, Plaintiff and Appellant

v.

Brent D. Dickson, Defendant and Appellee

No. 20170334

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Joshua B. Rustad, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Thomas E. Kalil, Williston, ND, for plaintiff and appellant.

Taylor D. Olson, Williston, ND, for defendant and appellee.

Dickson v. Dickson

No. 20170334

McEvers, Justice.

[¶1] Jennifer Dickson appeals from a district court order denying her motion to modify residential responsibility of the parties’ minor children.  We conclude the district court failed to correctly apply the law and make necessary findings regarding the best interest factors, including the factor on domestic violence.  We reverse and remand for further proceedings.

I

[¶2] Brent Dickson and Jennifer Dickson were divorced in August 2016.  Brent and Jennifer have two children, and the stipulated divorce judgment provided for equal residential responsibility between them.  In November 2016, the district court held a hearing in a separate case on allegations of domestic violence arising from an incident in October 2016.  The court entered a domestic violence protection order against Brent. 

[¶3] In February 2017, Jennifer moved for modification of residential responsibility, seeking primary residential responsibility.  The district court held a hearing on the motion in June 2017.  At the hearing, evidence was presented that in October 2016, Brent called Jennifer after he had been drinking and demanded she meet him, threatening to kill himself.  Brent sent Jennifer a text with a picture of himself with a rifle in his mouth.  Brent texted Jennifer to come pick up the kids and then sent a message to her indicating the picture was “[t]he last thing you will ever get from me. Goodbye.”  Brent then called Jennifer multiple times. According to Jennifer, shortly after 3:00 a.m., she agreed to meet Brent in a parking lot to discuss the situation. During their meeting, Brent picked up a firearm and demanded Jennifer pick the children up from his house.  Jennifer refused and Brent drove away as a security guard approached.  Jennifer remained at the parking lot until 3:46 a.m., when her 16-year-old daughter called to inform her that Brent took both children to her house.  Jennifer called the police and officers met her at her house.  Officer Craig Ware testified he thought Brent had consumed five or more beers, had an odor of alcohol, and given his behavior and mental state, assumed Brent “was intoxicated and/or suffering from some sort of mental illness.”  Officers transported Brent for a psychiatric evaluation. In Jennifer’s affidavit in support of the protection order, she described two similar incidents of Brent threatening suicide with a gun.

[¶4] In addition to the events occurring in October 2016, evidence was presented that Brent exchanged multiple text messages with his 16-year-old daughter.  In the text messages, Brent: (1) tells his daughter to delete the messages from him so that he does not get in trouble; (2) indicates his “therapist” told him not to talk to her anymore until he can get his anger under control; (3) states multiple times that Jennifer won and now gets to keep the kids away from him; (4) tells his daughter Jennifer wants full custody and that he does not know what to do, saying goodbye and that he loves them; (5) informs his daughter he did not have a place to live and was living out of his truck; (6) asks his daughter to have dinner with him and then tells her he might go to jail if she does, so she needs to delete the messages; and (7) places blame on the daughter and Jennifer for him being arrested.  The daughter replied telling Brent to stop acting like a child, indicated she wants him to get help for her and her sister’s safety, and told him to stop saying they do not want him in their lives.  Jennifer testified the children were impacted by the incident occurring in October 2016, they have withdrawn from people, and tend to act out.  Jennifer further testified the 16-year-old daughter was in counseling.

[¶5] During the hearing, the parties inquired whether the statutory rebuttable presumption of domestic violence applied to the case.  The district court stated “I don’t need to make another finding because it’s already a finding.”  The court further clarified, “So, yes, I will note that there is the rebuttable presumption in this case.”

[¶6] In July 2017, the district court denied the motion for primary residential responsibility.  Jennifer then moved for a stay of the court’s order pending appeal.  The court again denied her motion.  Jennifer timely appealed the order denying her motion to modify residential responsibility.

II

[¶7] Jennifer argues the district court erred in denying her motion to modify residential responsibility of the parties’ minor children, because it failed to properly analyze the best interest factors, including the statutory presumption on domestic violence.

We exercise a limited review of child custody awards.  A district court’s decisions on child custody, including an initial award of custody, are treated as findings of fact and will not be set aside on appeal unless clearly erroneous.  A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if the reviewing court, on the entire evidence, is left with a definite and firm conviction a mistake has been made.  Under the clearly erroneous standard of review, we do not reweigh the evidence or reassess the credibility of witnesses, and we will not retry a custody case or substitute our judgment for a district court’s initial custody decision merely because we might have reached a different result.  A choice between two permissible views of the weight of the evidence is not clearly erroneous, and our deferential review is especially applicable for a difficult child custody decision involving two fit parents.

Thompson v. Thompson
, 2018 ND 21, ¶ 7, 905 N.W.2d 772 (quoting 
Jelsing v. Peterson
, 2007 ND 41, ¶ 11, 729 N.W.2d 157).  A court’s decision whether to modify residential responsibility is also a finding of fact, which will not be reversed on appeal unless it is clearly erroneous.  
Valeu v. Strube
, 2018 ND 30, ¶ 8, 905 N.W.2d 728.

Section 14-09-06.6, N.D.C.C., governs the post-judgment modification of primary residential responsibility.  Generally, a parent may move to modify primary residential responsibility under the framework provided by N.D.C.C. § 14-09-06.6.  
See Regan v. Lervold
, 2014 ND 56, ¶ 12, 844 N.W.2d 576.  When the parents have joint or equal residential responsibility, however, an original determination to award “primary residential responsibility” is necessary.  
See Maynard v. McNett
, 2006 ND 36, ¶ 21, 710 N.W.2d 369 (original determination of primary residential responsibility is appropriate when the parties have joint residential responsibility and one party wishes to relocate); 
see also
 N.D.C.C. § 14-09-00.1(6) (“‘Primary residential responsibility’ means a parent with more than fifty percent of the residential responsibility.”); N.D.C.C. § 14-09-00.1(7) (“‘Residential responsibility’ means a parent’s responsibility to provide a home for the child.”).  This is also the case when the earlier residential responsibility determination is based on the parties’ stipulation.  
See Wetch v. Wetch
, 539 N.W.2d 309, 312-13 (N.D. 1995) (“if the previous custody placement was based upon the parties’ stipulation and not by consideration of the evidence and court[-]made findings, the [district] court must consider all relevant evidence, . . . in making a considered and appropriate custody decision in the best interests of the children”).

Mairs v. Mairs
, 2014 ND 132, ¶ 7, 847 N.W.2d 785.  When a motion to modify residential responsibility is brought less than two years after a divorce judgment is entered establishing residential responsibility, a stricter or more rigorous modification standard applies.  
Laib v. Laib
, 2008 ND 129, ¶ 8, 751 N.W.2d 228 (citations omitted). The standard applicable to this case is set forth in N.D.C.C. § 14-09-

06.6(5)(b), which provides “[t]he court may not modify the primary residential responsibility within the two-year period following the date of entry of an order establishing primary residential responsibility unless the court finds the modification is necessary to serve the best interests of the child and . . . (b) [t]he child’s present environment may endanger the child’s physical or emotional health or impair the child’s emotional development.”  
See also
 N.D.C.C. § 14-09-06.6(3)(b).  Although N.D.C.C. § 14-09-06.6 refers to motions to modify primary residential responsibilities, this Court has implied the statute applies to motions to modify a judgment where the parties had stipulated to joint residential responsibilities.  
Hageman v. Hageman
, 2013 ND 29, ¶¶ 5-6, 827 N.W.2d 23.

[¶8] Here, Jennifer moved the district court to modify residential responsibility within two years of the parties’ stipulation for joint residential responsibility, triggering the stricter modification standard.  The court found Jennifer established a prima facie case and was entitled to an evidentiary hearing.

A

[¶9] At the hearing, Jennifer testified she was concerned about her children’s safety and well-being.  Jennifer specifically asked the court to clarify whether the rebuttable presumption based on domestic violence applied to her case.

In determining parental rights and responsibilities, the court shall consider evidence of domestic violence.  If the court finds credible evidence that domestic violence has occurred, and there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding, this combination creates a rebuttable presumption that a parent who has perpetrated domestic violence may not be awarded residential responsibility for the child.  This presumption may be overcome only by clear and convincing evidence that the best interests of the child require that parent have residential responsibility.  The court shall cite specific findings of fact to show that the residential responsibility best protects the child and the parent or other family or household member who is the victim of domestic violence. . . .  As used in this subdivision, “domestic violence” means domestic violence as defined in section 14-07.1-01.  A court may consider, but is not bound by, a finding of domestic violence in another proceeding under chapter 14-07.1.

N.D.C.C. § 14-09-06.2(1)(j).  Prior to inclusion of the rebuttable presumption regarding domestic violence in the best interest factors, this Court stated each applicable factor under N.D.C.C. § 14-09-06.2 should be given equal consideration when determining the best interests of the child.  
Ternes v. Ternes
, 555 N.W.2d 355, 357 (N.D. 1996).  However, since the inclusion of the rebuttable presumption, this Court has stated “in the hierarchy of factors to be considered, domestic violence predominates when there is credible evidence of it.”  
Id.
 (quoting 
Ryan v. Flemming
, 533 N.W.2d 920, 923 (N.D. 1995)).

When evidence of domestic violence exists, the district court must make specific and detailed findings of fact regarding the effect the allegations of domestic violence have on the rebuttable presumption against custody under N.D.C.C. § 14-09-06.2(1)(j).  A [district] court cannot simply ignore evidence of family abuse, but must make specific findings on evidence of domestic violence in making its decision on primary residential responsibility.  Even if the evidence of domestic violence does not trigger the statutory presumption under N.D.C.C. § 14-09-06.2(1)(j), the violence must still be considered as one of the factors in deciding primary residential responsibility, and when credible evidence of domestic violence exists it “dominates the hierarchy of factors to be considered” when determining the best interests of the child under N.D.C.C. § 14-09-06.2.

Law v. Whittet
, 2014 ND 69, ¶ 17, 844 N.W.2d 885 (citations omitted).  “The presumption creates a difficult evidentiary obstacle for the violent parent to overcome, and the legislature created this obstacle for sound policy reasons thoroughly explained by this Court.”  
O’Hara v. Schneider
, 2017 ND 159, ¶ 9, 897 N.W.2d 326.

[¶10] The judge at the evidentiary hearing was the same judge who previously entered the domestic violence protection order. In response to the argument of whether the domestic violence presumption applied, the district court stated “[i]t’s in effect.  I don’t know, I guess—I’m not sure what you’re—you’re saying it’s already—I don’t need to make another finding because it’s already a finding.”  The court then concluded, “[s]o, yes, I will note that there is the rebuttable presumption in this case.”  The parties thereafter proceeded with the hearing under the impression that the presumption applied.

[¶11] Section 14-09-06.2(1)(j), N.D.C.C., provides, in part, “[a] court may consider, but is not bound by, a finding of domestic violence in another proceeding under chapter 14-07.1.”  The district court misapplied the law by concluding the domestic violence finding in the prior protection order proceeding required application of the domestic violence presumption in this proceeding.

[¶12] On remand, the district court should consider whether the domestic violence presumption provided in N.D.C.C. § 14-09-06.2(1)(j), applies.  In doing so, the court may consider the prior finding of domestic violence, but is not bound by the finding. If the court finds the presumption applies, it then should consider whether the presumption has been rebutted.  If the statutory presumption does not apply, the court must make findings considering domestic violence.

B

[¶13] The district court made a number of findings relevant to residential responsibility, but failed to address several issues that are a prerequisite to modification of residential responsibility.

[¶14] When the parents have joint residential responsibility, an original determination to award “primary residential responsibility” is necessary.  
See Maynard v. McNett
, 2006 ND 36, ¶ 21, 710 N.W.2d 369.  The district court must consider all relevant evidence, including pre-divorce conduct and activities, when determining residential responsibility in the best interests of the children if the previous residential responsibility award was based on the stipulation of the parties and not determined by the court-based consideration of the evidence.  
Hageman
, 2013 ND 29, ¶ 36, 827 N.W.2d 23.  Because Jennifer moved to modify residential responsibility within the two-year period following the date of the stipulated residential responsibility, the court may not modify the residential responsibility unless the court finds the modification is necessary to serve the best interests of the children and “[t]he child’s present environment may endanger the child’s physical or emotional health or impair the child’s emotional development.”  
See 
N.D.C.C. § 14-

09-06.6(5)(b).

Under N.D.R.Civ.P. 52(a), a district court trying an action without a jury must “find the facts specially.”  “[T]he district court is required to make such findings of fact and conclusions of law that are sufficient to enable the appellate court to understand the factual determinations made by the district court and the basis for its conclusions of law.”  
Haugrose [v. Anderson]
, 2009 ND 81, ¶ 7, 765 N.W.2d 677.  Consequently, the district court’s findings of fact must “be stated with sufficient specificity to assist the appellate court’s review and to afford a clear understanding of the trial court’s decision.” 
Rothberg v. Rothberg
, 2006 ND 65, ¶ 14, 711 N.W.2d 219.

State v. Neustel
, 2010 ND 216, ¶ 13, 790 N.W.2d 476.  Here, the district court’s order simply indicated that the terms of the original judgment filed in this matter, rather than the modification proposed by Jennifer, is in the best interest of the children.  The court did not make findings on any of the best interest factors.  Although we need not remand if we can clearly understand the district court’s factual determinations and discern through inference or deduction the court’s rationale, this is not such a case.  
Laib
, 2008 ND 129, ¶ 12, 751 N.W.2d 228.  The court’s findings of fact are insufficient to allow this Court to conduct a meaningful review of whether a modification of residential responsibility is necessary to serve the best interests of the children.

III

[¶15] We conclude the district court misapplied the law, and the court’s findings are not adequate and are not supported by the record.  Therefore, the court clearly erred by denying Jennifer’s motion to modify residential responsibility.  On remand, the court must consider and analyze the best interest factors set forth in N.D.C.C. § 14-

09-06.2, including whether credible evidence of domestic violence has occurred, and whether the evidence raises the rebuttable presumption, and if raised, whether the presumption has been rebutted.  The court must also determine whether the children’s environment under joint residential responsibility may endanger the children’s physical or emotional health or impair the children’s emotional development.  We reverse the district court order denying Jennifer’s motion to modify residential responsibility and remand for further proceedings consistent with this opinion.

[¶16] Lisa Fair McEvers

Jerod E. Tufte

Daniel J. Crothers

Jon J. Jensen

Gerald W. VandeWalle, C.J.

Tufte, Justice, concurring.

[¶17] I concur in the majority opinion.  I write separately because the district court’s application of the statutory definition of domestic violence was incorrect and our decision will require the court to re-apply the definition on remand.

[¶18] The district court heard evidence about an incident that led to a domestic violence protection order but declined to make a finding in this matter, saying, “I don’t need to make another finding because it’s already a finding.”  Ordinarily, issue preclusion would bar relitigation of domestic violence in this matter because that finding was necessary to the result in the protection order case between the same parties.  
See Riverwood Commercial Park, LLC v. Standard Oil Co.
, 2007 ND 36, ¶ 21, 729 N.W.2d 101.  However, issue preclusion does not apply here because statutory factor (j) alters that rule by providing that a “court may consider, but is not bound by, a finding of domestic violence in another proceeding.”  N.D.C.C. § 14-09-06.2(1)(j).

[¶19] “‘Domestic violence’ includes [1] physical harm, [2] bodily injury, [3] sexual activity compelled by physical force, [4] assault, or [5] the infliction of fear of imminent [i] physical harm, [ii] bodily injury, [iii] sexual activity compelled by physical force, or [iv] assault, not committed in self-defense, 
on the complaining family or household members
.”  N.D.C.C. § 14-07.1-01(2) (numbering and emphasis added).  Considering a similar situation, we have said it is “far from clear [actions including a suicide attempt] constitute domestic violence under the statute.”  
Ternes v. Ternes
, 555 N.W.2d 355, 358 (N.D. 1996).  Put simply, a threat to harm 
oneself
 is by itself not infliction of fear of physical harm or bodily injury 
on the complaining family or household members
.  Here, Brent’s suicidal threats were apparently intended to be manipulative toward Jennifer and likely would have supported issuance of a disorderly conduct restraining order providing appropriate protection for Jennifer.

[¶20] Both the parties and the district court having taken the prior finding of domestic violence as established, no evidence was presented describing any additional facts that would be a threat of physical harm to Jennifer and thus constitute “domestic violence.”  If Brent made such a threat to Jennifer during the October 2016 incident, it is not in this record.  What is in the record is a statement in Jennifer’s affidavit in support of the protection order that the incident was “not the first time [Brent] has threatened me with a gun.”  No testimony was received as to any threat to Jennifer during the October 2016 incident or any time previously.  On remand, the district court must make a finding as to whether Brent inflicted fear of imminent physical harm on Jennifer so that it may determine whether the distinct analysis applicable to “domestic violence” factor (j) applies.

[¶21] Because consideration of domestic violence is the dominant best interests factor when it is present, and we are remanding for further proceedings to include findings on the best interests of the children, we should not implicitly ratify the district court’s determination that a suicidal threat is domestic violence.  The district court may consider Brent’s picking up a firearm and threatening to commit suicide in front of Jennifer to be a significant factor in determining what level of parental responsibility is in his children’s best interests.  But if it was not paired with a threat to Jennifer, it was not “domestic violence,” and the suicidal threat would be considered not under factor (j) but under another appropriate factor, such as “mental . . . health of the parents, as that health impacts the child.”  N.D.C.C. § 14-

09-06.2(1)(g).  If analyzed under another appropriate factor, the district court may give the incident appropriate, and significant, weight without invoking the “dominant” factor (j).  
See O’Hara v. Schneider
, 2017 ND 53, ¶ 21, 890 N.W.2d 831.

[¶22] Jerod E. Tufte

Daniel J. Crothers

Jon J. Jensen